IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. SHANNON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
SCOTT A. SHANNON, APPELLANT.

Filed October 21, 2014.   No. A-13-978.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Reversed and remanded with directions.

Scott A. Shannon, pro se.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

IRWIN, MOORE, and PIRTLE, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Scott A. Shannon filed a motion for postconviction relief after his convictions and sentences for two counts of attempted robbery. The district court dismissed Shannon's motion after finding that it was untimely filed. Shannon did not appeal from the dismissal of his motion; however, approximately 10 months after the entry of the dismissal order, Shannon filed a motion entitled "Verified Complaint to Vacate or Modified [sic] Judgment." Shannon's motion asked that the district court reinstate the time to appeal from the dismissal of his motion for postconviction relief, because he had not been timely provided with a copy of the dismissal order. The district court denied Shannon's request, and Shannon has filed an appeal from this decision.

For the reasons set forth herein, we reverse the decision of the district court denying Shannon's request to reinstate the time to appeal from the dismissal of his motion for postconviction relief and remand the matter with directions to the court to enter an order allowing Shannon to appeal from the dismissal order.

## II. BACKGROUND

In August 2010, Shannon was found guilty, by a jury, of two counts of attempted robbery. He was subsequently found by the district court to be a habitual criminal and was sentenced to terms of 15 to 25 years' imprisonment for each of his convictions. These sentences were ordered to be served concurrently.

Shannon filed an appeal to this court. In a memorandum opinion filed on July 28, 2011, in case No. A-10-1050, this court affirmed his convictions and sentences. On September 22, 2011, the district court entered judgment on this court's mandate affirming Shannon's convictions and sentences. More than 1 year later, on October 19, 2012, Shannon filed a motion for postconviction relief entitled "Verified Petition for Postconviction Relief."

The State filed a motion in opposition to Shannon's motion for postconviction relief. The State alleged that Shannon's motion should be dismissed because it was filed more than 1 year after the conclusion of his direct appeal, pursuant to Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2012).

On January 31, 2013, the district court entered an order dismissing Shannon's motion for postconviction relief. In the order, the court specifically found that Shannon's motion was not timely filed. Shannon did not file an appeal from the district court's order.

On October 21, 2013, Shannon filed a motion entitled "Verified Complaint to Vacate or Modified [sic] Judgment." In this motion, Shannon alleged that he did not receive a copy of the district court's January 31 order dismissing his motion for postconviction relief within 30 days after its entry when he could have filed an appeal. In fact, Shannon indicated that he had not received a copy of the order until sometime in August, after he contacted the clerk of the district court about whether his case had ever been finally decided. At that time, he was informed, for the first time, that a final order dismissing his motion for postconviction relief had been entered on January 31, approximately 7 months earlier. In support of Shannon's assertions that he had not timely received a copy of the dismissal order, he attached to his motion a copy of an "Inmate Interview Request" form which included a statement from a Department of Correctional Services employee informing Shannon that he had not received any "legal mail" between the time period of January 12 through August 20, 2013. Shannon asked that the district court somehow "reinstat[e] the statutory time period for . . . perfecting an appeal" from the January 31 dismissal order.

The day after Shannon filed his "Verified Complaint to Vacate or Modified [sic] Judgment" on October 22, 2013, the district court entered an order denying Shannon's request to reinstate the time for filing an appeal from the January 31 dismissal order. The court found that Shannon had not timely filed his request because he had waited more than 30 days after he had received a copy of the January 31 dismissal order before filing the "Verified Complaint to Vacate or Modified [sic] Judgment."

Shannon appeals from the court's order here.

## III. ASSIGNMENT OF ERROR

On appeal, Shannon argues that the district court erred in denying his request to reinstate the time to appeal from the dismissal of his motion for postconviction relief.

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court independently resolves questions of law. *State v. Robinson*, 287 Neb. 606, 843 N.W.2d 672 (2014).

## V. ANALYSIS

In his current appeal, Shannon argues that he was entitled to an appeal from the January 31, 2013, dismissal order of his motion for postconviction relief and that he should not be denied that appeal simply because he was not timely provided with a copy of that order. Shannon asserts that the district court should have entered an order reinstating the statutory time period for which he could have filed an appeal from the January 31 order or, in the alternative, should have refiled the January 31 order, allowing him to appeal. Before we address whether Shannon was entitled to such relief under the circumstances of this case, we must first determine whether a district court has the power to reinstate an appeal upon a finding that the appeal was denied due to the negligence of a court official.

The Nebraska Supreme Court has previously held that where a duty is placed upon a public officer to perform acts necessary to perfect an appeal, his or her failure to perform cannot be charged to the litigant or operate to defeat the appeal. *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005). The court has also held that the appropriate procedure for securing a new appeal in a civil action when an appeal has been lost due to official negligence is to file a motion in the lower court and establish the factual basis for obtaining relief. *Id.* A postconviction proceeding is civil in nature. *State v. Lotter*, 266 Neb. 245, 664 N.W.2d 892 (2003).

Consequently, if Shannon's appeal from the January 31, 2013, order dismissing his motion for postconviction relief was lost solely due to the negligence of a court official, then he would be entitled to seek reinstatement of that appeal. Stated another way, if Shannon's appeal was lost because the court or the court's clerk failed to send him a copy of the January 31 order or notify him that his case had been finally decided, then he was entitled to seek reinstatement of his appeal from the court.

It is clear from our record that Shannon did, in fact, seek reinstatement of his appeal from the district court. After he discovered that a final order had been filed in his postconviction proceedings and that the time for filing an appeal from that order had long since passed, Shannon filed a motion with the district court requesting that the court somehow reinstate his ability to appeal from the dismissal order. We recognize that Shannon did not clearly title his motion when he called it a "Verified Complaint to Vacate or Modified [sic] Judgment." However, a reading of this motion reveals that Shannon was specifically and unequivocally asking for a chance to appeal from the January 31, 2013, order. As such, we find that Shannon followed the proper procedure in seeking a reinstatement of his appeal.

We also find that Shannon sufficiently demonstrated that he was denied his original appeal solely as a result of the neglect of a court official. Attached to Shannon's motion were various documents from the Department of Correctional Services, which documents proved that Shannon never received any "legal mail" from the district court or the clerk's office from the time that the court entered its January 31, 2013, order until August of that year, when Shannon discovered the existence of the January 31 order and asked that a copy be forwarded to him. Because Shannon was incarcerated during that entire time period and because he was proceeding

pro se in the postconviction proceedings, it seems practical that the only manner for him to receive a copy of the order from the court was via the prison mail service. Based on this evidence, we conclude that Shannon's appeal from the January 31 order was lost solely due to the court's or the court clerk's failure to mail him a copy of that order. Accordingly, we conclude that Shannon is entitled to a reinstatement of his appeal from the January 31 order.

The district court did not, however, grant Shannon's request to reinstate the appeal. Instead, the court denied Shannon's request because he filed the request more than 30 days after he discovered the existence of the January 31, 2013, dismissal order. The district court concluded that Shannon's request was, as a result, "not timely filed." Upon our review, we find that the district court's denial of Shannon's request to reinstate the appeal was erroneous. We are not aware of any authority that would require Shannon to have filed his motion to reinstate an appeal within 30 days after discovering that the appeal had been lost due to official neglect. And, we note that in its order, the district court does not point us to any such authority. Shannon filed his request to reinstate the appeal on October 21, approximately 60 days after he alleged that he received a copy of the January 31 dismissal order. Given that there is no specific time period after the discovery of a lost opportunity to appeal within which a litigant must file a motion to reinstate that appeal, we find that Shannon's motion was filed in a reasonable time and was not untimely.

## VI. CONCLUSION

We reverse the district court's order denying Shannon's request to reinstate his appeal from the January 31, 2013, dismissal order and remand the matter with directions for the court to reinstate Shannon's appeal from the dismissal of his motion for postconviction relief.

REVERSED AND REMANDED WITH DIRECTIONS.